Filed 4/24/23  P. v. Moore CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA MOORE,<br><br>Defendant and Appellant. | A165407<br><br>(Lake County<br>Super. Ct. No. CR957436) |

**BACKGROUND**

On October 15, 2020, the Lake County District Attorney filed an information charging appellant Joshua Moore with entering a residence with the intent to burglarize it, a felony, in violation of Penal Code[1] section 459 (count one), and receiving stolen property, a misdemeanor, in violation of section 496, subdivision (a) (count two).  The information alleged that count one was a serious violent felony (§§ 1192.7, subd. (c), 667.5, subd. (c)), and also a violation of section 462, subdivision (a).

On January 20, 2021, Moore entered a negotiated plea under which he pled no contest to count one in exchange for dismissal of count two.  The plea agreement provided for Moore to be placed on probation for three years, with

---

[1] All further undesignated statutory references are to the Penal Code.

a custody term of up to one year in county jail. On motion of the prosecutor, and pursuant to the plea agreement, the court dismissed count two, and continued the matter to February 16 for sentencing and referred the case to probation for a presentencing report.

On February 16, the court referred the matter to veteran's court for an eligibility determination, and the sentencing date was continued, later to be continued again to April 26.

During the process of determining Moore's eligibility for veteran's court, defense counsel requested that Moore be released on his own recognizance. And at the April 26 hearing, the court agreed to that release under two conditions: first, that Moore successfully participate in veteran's court; and second, that Moore enter a *Cruz* waiver. (*People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*).) Moore agreed, at which time the court told him that in the event the court withdrew its approval of the plea because of his failure to appear, the plea would become an open plea and "you will not be allowed to withdraw your plea."

The pertinent colloquy between the court and Moore regarding the *Cruz* waiver was as follows:

"THE COURT: Okay. The People do have a concern that he's not going to appear in court. That's a fair concern. I would be inclined to OR [own recognizance] him on two conditions, one, that he successfully participate in veteran's court and comply with all rules and follow all directives of the veteran's court program. And number two, that he enter into a *Cruz* waiver concerning both his effective participation in veteran's court and appearances at all future court dates meaning that if he fails to appear or doesn't participate in veteran's court, his plea will become an open plea rather than a promised grant of probation. Any thought concerning that? [¶] . . . [¶]

"THE COURT: Any comments, Mr. Rotow?

"MR. ROTOW [the prosecutor]: No, Your Honor. I would just stress that I think the—I'd have to look at the maximum, Your Honor, for a [section] 459. I think that's what the plea was to.

"THE COURT: Six years, first degree.

"MR. ROTOW: I've actually seen cases in the past where people have failed to appear on *Cruz* waivers and they ended up getting the maximum. I wish Mr. Moore the best, and I hope he understands he could get the maximum. And I encourage him. But I do understand that it's not really his fault that they're not getting the veteran's court information quite yet. No opposition, Your Honor.

"THE COURT: Okay. Mr. Moore, do you agree that if you fail to appear at any future court date without a legal excuse or fail to effectively participate in veteran's court, your plea will become an open plea to the Court, you will not be allowed to withdraw your plea, and you may be sentenced up to the maximum allowed by law which in this case is six years in state prison?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Okay. Any questions about that?

"THE DEFENDANT: No, sir.

"THE COURT: Okay. The defendant is released on his [own recognizance] on the condition that he successfully participate in veteran's court and comply with all rules and follow all directives of the veteran's court program.

"Do you understand and accept those conditions of your release?

"THE DEFENDANT: Yes, Your Honor."

The court set the matter for sentencing on May 24.

On May 24, Moore failed to appear, and the court terminated his pretrial release and issued a bench warrant. After Moore was in custody, his sentencing was continued several times.

Meanwhile, Moore applied for mental health diversion, submitting a report from a licensed psychologist that diagnosed Moore with bipolar disorder, post-traumatic stress disorder, attention deficit disorder, and substance abuse. And at a hearing on October 13, the court concluded that Moore suffered from a mental disorder and granted him mental health diversion.

Moore missed another court date on January 25, 2022, and the court again issued a bench warrant for his arrest.

On March 15, the court terminated Moore's mental health diversion because he failed to participate in the program. Also at the March 15 hearing, the court found that Moore's failure to participate in mental health diversion and to appear in court subjected him to an "open plea." This is the exchange on that subject:

"THE COURT: I'm not sure what Judge Markham is referring to because I'm looking at the plea form and there's no *Cruz* waiver here.

"MR. ROTOW: My notes indicate a *Cruz* waiver. April 26th, 2021, defendant is OR'd with a *Cruz* waiver.

"THE COURT: Oh, after the plea. The plea was in general.

"MS. POTTER [defense counsel]: I agree with counsel that there was an oral waiver administered on that date. [¶] . . . [¶]

"THE COURT: April 26th. Okay. Yeah, so the original plea did not have a *Cruz* waiver, but on April 26th he entered a *Cruz* waiver. So then this legally would be an open plea."

4

The matter was continued for sentencing, and on April 11, the court denied probation and sentenced Moore to the middle term of four years in state prison, with 912 days of presentence custody credit.

On June 7, Moore filed his notice of appeal.[2]

## DISCUSSION

Moore argues that the court erred in imposing a sentence greater than that agreed upon by the parties in the plea agreement. We agree—as does the Attorney General.

Under section 1192.5, if the court approves a plea agreement, the defendant "cannot be sentenced on the plea to a punishment more severe than that specified in the plea . . . ." (*People v. Masloski* (2001) 25 Cal.4th 1212, 1217, quoting § 1192.5.)[3] The reason is "[a] negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles." (*People v. Shelton* (2006) 37 Cal.4th 759, 767.) Section 1192.5

[2] According to the CDCR website, Moore was set to be released in January 2023. Moore's opening brief here was filed on October 31, 2022, and the People's respondent's brief on February 27, 2023.

[3] Section 1192.5 provides in relevant part:

"(b) When the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea.

"(c) If the court approves the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in that case, the defendant shall be permitted to withdraw the plea if the defendant desires to do so. The court shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea."

further provides that if the court subsequently withdraws its approval of the plea agreement, " 'the defendant shall be permitted to withdraw his or her plea if he or she desires to do so.' " (*People v. Masloski, supra*, 25 Cal.4th at p. 1217.)

Although a defendant who is fully advised of his or her rights under section 1192.5 at the time of sentencing may waive such rights, *Cruz* held that "[a]ny such waiver, of course, would have to be obtained *at the time of the trial court's initial acceptance of the plea*, and it must be knowing and intelligent." (*Cruz, supra*, 44 Cal.3d at p. 1254, fn. 5 [emphasis added].) Absent waiver obtained at the time of sentencing, a defendant who fails to appear for sentencing does not lose the protections of section 1192.5. (*Cruz, supra*, 44 Cal.3d at p. 1253.) In short, to be valid a *Cruz* waiver must be entered at the time of sentencing. (*Cruz*, at p. 1254, fn. 5; *People v. Casillas* (1997) 60 Cal.App.4th 445, 452.)

Here, the *Cruz* waiver was not obtained until three months after Moore entered his plea on January 20, 2021, at which time he pled no contest to count one (felony burglary) in exchange for dismissal of count two (receiving stolen property), with a negotiated sentence of three years probation and up to one year in county jail. Because the *Cruz* waiver requiring Moore to participate in veteran's court and appear at all future proceedings was made after the court's initial acceptance of the plea, it could not be imposed at sentencing.

Moore also argues that the *Cruz* waiver was not entered knowingly, intelligently, and voluntarily, also relying on *Cruz*, where the Supreme Court held that a valid *Cruz* waiver must not only be obtained at the time of the plea, but also be made knowingly and intelligently. (*Cruz, supra*, 44 Cal.3d at p. 1252, 1254, fn. 5.)

6

When the trial court obtained Moore's *Cruz* waiver three months after it accepted his plea, it admonished him that "if you fail to appear at any future court date without a legal excuse or fail to effectively participate in veteran's court, your plea will become an open plea to the Court, you will not be allowed to withdraw your plea, and you may be sentenced up to the maximum allowed by law which in this case is six years in state prison." Thus, as Moore puts it, "This affirmative and erroneous instruction by the trial court made any waiver of his rights under section 1192.5 unintelligent and unknowing." Again, we agree—as does the Attorney General.

The Attorney General has filed a comprehensive 27-page brief that after describing in detail all the proceedings below, first cites cases holding Moore's claim was not forfeited. There follows a lengthy discussion of the applicable cases setting forth the "legal principles underlying a defendant's waiver of . . . rights under . . . section 1192.5," all to agree with Moore that his "*Cruz* waiver was invalid because it was not part of his original plea agreement, and because it was not knowing and intelligent under the totality of the circumstances."

And so the Attorney General's brief concludes: "Since [Moore] did not enter the *Cruz* waiver at the time he entered his original plea, and because his waiver was not knowing and intelligent under the totality of the circumstances, the *Cruz* waiver was invalid. Accordingly, the trial court violated [Moore's] rights under section 1192.5 when it did not permit him to withdraw his original plea and sentenced him to a term in excess of the three-year grant of probation and one year in county jail promised in the original plea agreement. The proper remedy is to remand the matter to give [Moore] the opportunity to withdraw his plea if the sentencing court decides to impose a sentence in excess of the three years of probation and maximum

7

of one year in county jail promised in the original plea agreement, or to allow the trial court to resentence him in accordance with the original plea bargain. (*People v. Rodriguez* (1987) 191 Cal.App.3d 1566, 1570–1571.)"

We agree, and the matter is so remanded.

_____
Richman, J.

We concur:


_____
Stewart, P.J.


_____
Markman, J. *


*People v. Moore* (A165407)


*Superior Court of Alameda County, Judge Michael Markman, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.